IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

FILED

SEP 22 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**HARFORD MUTUAL INSURANCE** :
**COMPANY**
**200 North Main Street** :
**Bel Air, Maryland 21014**
: 
*Plaintiff,*
: Civil Ca    CASE NUMBER  1:05CV01876
v.
:            JUDGE: John Garrett Penn

**MURPHY'S OF D.C., INC.** :            DECK TYPE: Contract
**2605 and 2609 24th Street, N.W.**
**Washington, D.C. 20008** :            DATE STAMP: 09/22/2005

  SERVE ON: :
  Registered Agent
  Audrey Marcus :
  2301 Conn. Ave., N.W.
  Washington, D.C. 20008 :

*Defendant.* :

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT

COMES NOW the Plaintiff, Harford Mutual Insurance Company, as subrogee of its insured, The Spiegel Family Trust, by and through its undersigned counsel, and for its Complaint respectfully states:

### PARTIES

1. Plaintiff is a Maryland corporation with its principal place of business in Bel Air, Maryland.

2. Upon information and belief, Defendant is a Virginia corporation with its principal place of business in Washington, D.C.

### VENUE

3. The venue of this action is properly predicated upon Section 1391(a) of Title 28 of the United States Code, in that jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated.

## JURISDICTION

4. This action is one in which the Court has original jurisdiction under the provisions of Section 1332 of Title 28 of the United States Code, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## FACTS COMMON TO ALL COUNTS

5. On or about November 29, 1985, Defendant entered into a contract with the Plaintiff's insured, The Spiegel Family Trust, for the lease of the premises located at 2605 and 2609 24th Street, N.W., Washington, D.C.

6. Thereafter, the lease was renewed and was in effect at all relevant times.

7. On or about February 8, 2004, a fire occurred in the kitchen of the premises causing serious damage to the property.

## COUNT I – BREACH OF CONTRACT

8. The lease between Plaintiff's insured and Defendant required Defendant to obtain fire insurance that would protect the premises.

9. Specifically, the lease states:

> 8. <u>Fire Insurance</u>
>
> Tenant shall, from and after the date of the execution of this Lease, keep the demised premises and all of its contents, including any and all improvements,

betterments, alterations or additions which may be made by Tenant (including but not limited to HVAC, plumbing or electrical equipment, painting, light fixtures, floor covering and partitions, if installed by Tenant, or furniture and furnishings installed by Tenant) insured against loss or damage by fire and any of the casualties included in the standard form of extended coverage, in such amounts and with such insurance companies as are acceptable to Landlord. Such policies shall name the Landlord, its agents and the Tenant as parties insured, and the Tenant shall furnish and deliver to the Landlord at all times during the term hereof a copy of such insurance policies or a certificate showing the same to be in effect and that the premiums thereon have been paid. Each such policy shall provide that the policy may not be cancelled without giving Landlord at least ten (10) days prior written notice. Tenant shall have the sole responsibility to obtain at Tenant's sole cost and expense all insurance to insure Tenant against any loss resulting from any such perils or casualty. Tenant shall deliver a duplicate original of said policy to Landlord, upon Landlord's request.

*See* Lease at p. 7-8, attached hereto as Exhibit A.

10.   Defendant breached its contract with Plaintiff's insured when Defendant failed to obtain insurance that would provide coverage for the damages sustained as a result of the fire.

11.   As a result, Plaintiff was required to issue payment to its insured to repair the damages sustained by the fire which resulted from Defendant's negligence.

WHEREFORE, Plaintiff, Harford Mutual Insurance Company, demands judgment against Defendant in the amount of One Hundred Fifty Five Thousand Five Hundred Forty Dollars and Five Cents ($155,540.05) in damages plus interest, costs and any further relief the Court deems appropriate in this action.

Respectfully submitted,

*[signature]*

GEORGE E. REEDE, JR., Bar No. 430462
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6432
*Counsel for Plaintiff*