IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARFORD MUTUAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>MURPHY'S OF D.C., INC.<br><br>Defendant. | Case No. 1:05CV01876 |

## ANSWER

COMES NOW, Murphy's of D.C., Inc. (hereinafter referred to as Murphy's) and states for its answer in the above Complaint as follows:

1. The allegations in paragraphs 1 are neither admitted nor denied because of lack of knowledge and proof is demanded.

2. The allegations in paragraph 2 are admitted.

3. The allegations in paragraph 3 are neither admitted nor denied because of lack of knowledge and proof is demanded.

4. The allegations in paragraph 4 are neither admitted nor denied because of lack of knowledge and proof is demanded.

5. The allegations in paragraph 5 are admitted.

6. The allegations in paragraph 6 are admitted.

7. The allegations in paragraph 7 are denied.

GRECO & GRECO, P.C.
ATTORNEYS AT LAW
1300 OLD CHAIN BRIDGE ROAD
McLEAN, VIRGINIA 22101
(703) 821-2777

-1-


8. It is admitted that the lease between Landlord and Murphy's required Murphy's to provide certain insurance that would protect certain aspects of the premises. It is denied that Murphy's was requested to provide insurance that would protect the premises from a fire originating outside the premises of the property.

9. It is admitted that the Original Lease contained at pages 7 & 8 the language stated in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 are denied. It is denied that the damage that was sustained to the building from fire was as alleged in paragraph 7 from a fire that started in the kitchen. If the fire did not start in the premises then Murphy's was not obligated to provide insurance to cover the loss.

11. As to the payments issued by Harford, Murphy's has insufficient knowledge to either admit or deny said allegations and demands strict proof. Murphy's denies it was negligent as alleged by Harford.

12. All allegations in said Complaint that are not admitted are denied.

For more complete factual response to the Complaint Defendant Murphy's affirmatively states and alleges as follows:

13. The alleged damages were not caused by Murphy's failure to name the Landlord as a party insured under the insurance policy nor was it caused by Murphy's breaching its contract with Plaintiff. Murphy obtained an insurance policy which provided the coverage required by the lease. Murphy's insurance company was Great American Insurance Co. (hereafter "Great American"). Great American did not pay the Landlord the amount sued for in this action for two separate reasons. Either of said reasons standing alone is a sufficient legal reason against liability under the lease. The reasons were as follows:

a) Great American determined in its investigation that the fire did not start in the kitchen but started outside the building and therefore was not covered by the policy. See attached report of the cause of the fire which is made a part hereof. (Defendant's Exhibit 1). An eye-witness who was in the kitchen at the time of the fire stated that there was no fire in the kitchen until the Fire Department tore down the wall from the outside.

b) Great American determined that Tenant (Murphy's) was not obligated to pay any part of the amount sued for by Plaintiff unless it was negligent and/or liable for the fire. It is denied that Murphy's was negligent and/or liable for the fire. (See attached letter dated April 1, 2004, which is made a part hereof). (Defense Exhibit 2).

14. If the said insurance policy had listed landlord as an "insured party" Great American still would not have paid to Landlord the $155,540.05 Plaintiff Harford claims should have been paid to Landlord.

15. Additional Grounds of Defense. Defendant may rely upon the following additional grounds of defense at trial: Waiver, Estoppel, Unclean hands, Failure to state a cause of action, Breach of Contract, and Laches.

WHEREFORE, Defendant Murphy's of D.C. Inc. moves this Honorable Court to dismiss the Complaint by Harford Mutual Insurance Company and to award it its costs.

                                        Murphy's of D.C., Inc.,
                                        By Counsel

-3-

GRECO & GRECO, P.C.
1300 Old Chain Bridge Road
McLean, Virginia 22101
Telephone (703) 821-2777
Facsimile (703) 893-9377

By: /s/ Frederick D. Greco
Frederick D. Greco, DC Bar #361788
W. Scott Greco, DC Bar # 453101
Counsel for Defendant

### Certificate of Service

I herby certify that a true copy of the foregoing was served on the following counsel through filing with the Court's ECF system this 10th day of November, 2005.

GEORGE E. REEDE, JR.
Niles, Barton& Wilmer, LLP
111S. Calvert Street, Suite 1400
Baltimore Maryland 21202
Counsel for Plaintiff

/s/ Frederick D. Greco
Frederick D. Greco

Insured:    Murphy's Irish Pub
File No.:   7210-001261

1

DEFENDANT'S
EXHIBIT
1

**ASSIGNMENT:**

| | |
|---|---|
| Received from: | Monte Marshall, Crawford & Company, Fairfax, VA |
| Instructions: | Conduct an origin and cause investigation into a structure fire loss located at 2609 24th Street NW, Washington, DC. |

| | | | |
|---|---|---|---|
| Received on: | Thursday | February 12, 2004 | 11:00 AM |
| Commenced on: | Monday | February 16, 2004 | 10:30 AM |
| Completed on: | Tuesday | February 24, 2004 | 3:00 PM |
| | | | |
| Verbal report on: | Monday | February 16, 2004 | 1:00 PM |
| Verbal report to: | Monte Marshall, Crawford & Company. | | |

On Tuesday, March 23, 2004, I received instructions from Susan Schaffer, Crawford & Company, to prepare and submit a full report of these investigative findings.

**RISK:**

The insured is identified as Murphy's Irish Pub.

The risk is identified as the structure and its contents.

The insured operates a commercial bar & restaurant at the loss property.

**ORIGIN AND CAUSE SUMMARY:**

Following the examination of burn patterns and vector analyses within this scene, and based on the information currently available, it is my opinion this fire originated within a 43" high plastic trash container located on the exterior rear or east side of the loss building. The trash container was placed directly against the rear elevation of the loss building in a north-south line with several other similar type trash containers.

From the origin area along the rear exterior elevation, the fire then spread up the exterior brick wall and entered into the rear interior portion of Murphy's Irish Pub through an exterior wall-mounted, metal, kitchen, exhaust ductwork. Once the fire entered into the base of the metal exhaust ductwork, the fire also spread up the ductwork and damaged the roof-mounted exhaust fan.

The specific ignition source for this fire is undetermined. The first material ignited is combustible trash or waste within the trash container.

The event that caused the union of the ignition source and the first material ignited was the combustible trash or waste within a plastic trash container igniting into open flame after coming in contact with an undetermined ignition source.

Based on the information currently available, it is my opinion that the cause of this fire loss is consistent with the fire originating within a plastic trash container located on the rear exterior side of the loss building. The ignition source is undetermined, as an accidental disposal of smoking material or incendiary ignition sources cannot be ruled out at this time. This trash container was located outside the building and would have been accessible to anyone walking through the area.

RECEIVED MAY 26 200[?]

Insured: Murphy's Irish Pub
File No.: 7210-001261

2

## PROPERTY OVERVIEW:

Approximate: Age-Yrs: 80  Sq.Footage: 5000

### Construction Overview:
The property involved in this fire loss is a large, multi-use, commercial building constructed of wood frame and masonry. The structure had three floors above ground with a full basement supported with a masonry foundation. The structure, which measured 48' X 48', had a brick façade exterior and a flat asphalt covered roof. The southern elevation attached to a similar type commercial building and the northern elevation bordered a parking lot. The structure faced west and 24th Street, where the main front entrance doors were accessed.

The entire first floor was occupied by the insured, which was accessed via two entrance doors on the front or west side of the loss building. Attached to the exterior front first floor was a permanent enclosure where seating for the restaurant was held in the warm months. This enclosure measured 48' wide X 15' long. The second and third floors occupied corporate office suites.

### Outbuildings / Exposures:
The area of origin consisted of a triangular-shaped common alley area that bordered the rear exterior portions of commercial structures on three separate streets, 24th Street NW, Calvert Street NW and Connecticut Avenue NW. All the structures that bordered this common area sustained some type of fire-related damage as a result of the fire loss. The damage ranged from exterior smoke staining to minor interior damage to the rear bathroom of the Jandara Restaurant at 2606 Connecticut Avenue NW.

### Utilities (Electric / Gas):
No fixed utilities contributed to the cause of this fire loss. All utilities and service meters were located in the basement.

### Climate Control:
A natural gas fired boiler in the basement supplied heating to the loss building.

### Alarm System:
Murphy's Irish Pub did have hard-wired heat detectors. Pull stations were observed in the basement. According to the employees of the insured, the alarm system did not activate.

## FIRE DEPARTMENT:
The Washington DC Fire Department responded to the loss property at 10:04 AM for a reported building fire, alarm # 0015122. Engine 28 arrived on location at 10:13 AM and reported heavy fire in the rear of the building within a common alley area. The exterior fire had already spread into the rear or east side of Murphy's Irish Pub, so an interior and exterior attack of the fire was initiated. The fire spread was contained to the rear exterior of the loss building and to the interior rear or east side elevation of Murphy's Irish Pub, where the fire damaged a bathroom and kitchen area.

Extensive overhaul was conducted to search for fire extension in the interior east side elevation and ceiling area immediately along the eastern elevation.

Officer in Charge Joseph Mitchell completed an incident report for the fire loss. His narrative reports that the area of origin was the kitchen area and the ignition source was cooking materials such as fat, grease, butter, margarine and lard.

No property or evidence was removed from the loss property by the fire department.

Insured: Murphy's Irish Pub
File No.: 7210-001261

3

### PERSON DISCOVERING / REPORTING INCIDENT:

Employees of Murphy's Irish Pub observed light smoke inside the building while hosting a corporate breakfast. Manager Ruben Orellana then went around to the rear alley to investigate and observed fire in the trash containers. He related that as soon as he turned the rear corner, the trash container was burning and the flames were going up the rear wall. He related that he could not enter the rear alley area because of the flames coming out of the trash container. The fire department was then contacted via 911.

### INTERVIEW:

General Manager for the insured, Mary Pereira, was interviewed at the loss property on 02/16/04. She related at the time of the fire loss they were hosting a breakfast, and there were about 35 people in the building. She related that along with Ruben Orellana, the cook Tim Harrigan and bartender Mike Cafferty were working. She related that shortly before 10:00 AM they noticed smoke in the building, and Ruben went around to the rear alley area to look around when the fire was discovered. She related that they opened around 8:30 AM, and the cook was only using the griddle to cook eggs, bacon and french toast.

### SCENE EXAMINATION:

### EXTERIOR OBSERVATIONS:

The only exterior damage observed to the loss building was in the rear or east side of the property. The 22' wide X 10'5" high eastern elevation had scorch patterns on the brick façade located more so to the north side of the rear wall. Fire damage was sustained to the first floor roofline immediately above the scorching.

This rear eastern elevation faced a triangular shaped common alley area where the tenant trash was placed in multiple, large, 43", green trash containers.

At the time of the fire loss several trash containers were lined up directly against this rear wall in a north-south direction. The only portions that remained were in a large mass of melted material observed resting up against the rear wall. It appears that 7 trash containers were melted together in this mass. It appears that the fire originated within this area of trash containers on the exterior of the structure.

Located just south of this area of origin and 13' south of the northern elevation, was a section of metal, kitchen, exhaust ductwork that was attached to the rear wall. This 20" X 15" section of ductwork traveled up the rear wall to the flat roof above the first floor kitchen and attached to the exhaust fan. The ductwork came out of the rear wall 33" above the ground and continued to the roof where it attached to the exhaust blower or fan. From the exhaust fan the ductwork continued 9' west along the first floor roof where it again attached to the exterior elevation and continued up above the third floor flat roof where it vented in the air. Fire spread was observed in the 9' section of ductwork on the first floor roof.

This attached metal ductwork located just south of the area of origin was impinged upon on the exterior by the spreading flames. The flames eventually entered into the base of this ductwork and spread upward within the internal ductwork to the roof area above and into the exhaust fan. The internal portion of the exhaust fan was damaged; however, the blower motor and belt were intact and untouched by fire. No damage observed to the exhaust fan or blower motor exhibited any signs of fire origination or causation.

The exterior eastern elevation faced a triangular shaped common alley area where the tenant trash was placed in multiple, large, 43", green trash containers.

RECEIVED
MAY -

Insured:   Murphy's Irish Pub
File No.:  7210-001261

4

**SECURITY ISSUES (at time of incident):**
The loss building was fully occupied at the time of the fire loss. The insured was hosting a corporate breakfast at the time of the fire loss. No forced entry was required by the responding fire department. All window glass was intact at the time of the fire loss.

**INTERIOR OBSERVATIONS:**
The interior of Murphy's Irish Pub was constructed of wood frame covered with gypsum wallboard and plaster lath in various sections. The ceilings were covered with tin panels. The south side of the pub was a walk-in foyer and hostess area. The north side was a large open bar area, with the bar located along the north wall. A small stage for bands was observed on the east wall. A large open entrance way was located between the bar and foyer area. In the southeast corner portion of the building was the kitchen and between the kitchen and bar area was a center hallway, which accessed the bathrooms and utility closet.

The interior of the loss building sustained damage only to Murphy's Irish Pub. The rear or east side of Murphy's sustained fire impingement damage only to the kitchen and bathroom areas. The kitchen was located in the southeast corner of the building and the bathroom was located in the central portion of the building at the east end of the center hallway. The remaining portions of Murphy's were untouched by fire impingement, sustaining only smoke damage throughout.

The central east side bathroom sustained severe damage; however, the fire impingement and charring damage was observed mostly on the interior eastern elevation. An old entranceway that had previously been boarded up for several years was located on this east wall. This doorway sustained heavy charring to the wood framing and was boarded up with new plywood. The area immediately on the exterior side of this old entranceway was the area of origin. This would explain why the fire impingement and charring was heaviest in this interior area. The remaining damage to the bathroom was sustained due to the fire department searching for fire extension within the room.

The kitchen area was examined and only the east side of the room sustained moderate fire impingement damage. The kitchen measured 12' wide X 23' long with a high 12' tin panel covered ceiling. The damage was more prevalent to the area immediately above a kitchen exhaust hood attached to the east wall. Above this interior exhaust hood the exterior metal exhaust ductwork that was previously discussed traveled through the east wall in a westerly direction and attached to the top of the hood unit. Immediately surrounding this area where the metal ductwork traveled through the east wall, the interior wall and ceiling area was charred. The fire patterns observed in this immediate area indicated that the fire spread had traveled into the interior kitchen from the exterior in and around the metal ductwork. There were no indications that the fire had spread from the interior to the exterior.

The underside of the 10' wide X 4'9" long exhaust hood was blackened from soot and heat exposure. The exhaust hood had a 4-nozzle Range Guard Ansul wet chemical fire suppression system, which did activate at the time of the fire loss.



Insured: Murphy's Irish Pub  
File No.: 7210-001261

5

### AREA OF ORIGIN:
Based on the burn and char patterns observed on the exterior and interior portions of the loss building, the fire appeared to have originated on the exterior rear side of the restaurant within the common triangular-shaped alley area. The fire originated within a plastic trash container that was pushed up against the rear wall along with several other similar trash containers. The fire then spread up the exterior brick elevation and into the interior rear portion of the restaurant. The fire also impinged on and spread into exterior metal exhaust ductwork that was attached and secured to the rear wall, just south of the trash container of origin. Once inside the ductwork, the fire then spread into two separate directions. The fire had spread into the interior kitchen ceiling and exhaust hood area and also up the internal portion of the exterior metal ductwork into the exterior mounted exhaust fan located on the rear first floor flat roof.

### Electrical Distribution System:
There were no electrical energy components or appliances within the area of origin on the exterior of the loss building.

### Gas Fuel/Kitchen Appliances:
All the kitchen appliances were removed prior to the scene examination. I traveled to PBI Restoration Resources on 02/19/04 to examine the appliances. Three separate appliances were observed: one natural gas Vulcan brand 5' wide 6-burner range/griddle/double oven, one natural gas Magik brand 30" wide grill, and one natural gas Vulcan brand 26" wide double fryer with electric start. The cooking appliances sustained no fire impingement damage. All flexible gas lines and gas connections were examined and no damage was observed. The only component that appeared to be used at the time of the fire was the 24" X 24" griddle, which was confirmed by manager Ruben Orellana.

### Ignition Sources that could not be eliminated:
The investigation of this fire for origin and cause systematically eliminated all possible fire causations with the exception of a fire cause consistent with a fire originating within a plastic trash container on the exterior of the loss building; however, the specific ignition source is undetermined. An accidental or incendiary ignition source cannot be ruled out at this time.

### Property / Evidence - Retrieved / Retained from this scene:
No evidence was retained from the loss building.


RECEIVED MAY 26 2004

Insured:    Murphy's Irish Pub
File No.:    7210-001261

6

**Product / Equipment Issues:**

After examining the interior kitchen exhaust hood and appliances and the exterior exhaust ductwork, there was no physical evidence observed to conclude that the fire had originated either within the interior or exterior kitchen exhaust system. The damage and fire patterns that were observed were consistent with fire entering into the kitchen exhaust system from exterior fire impingement and exposure. No large build up of grease, etc. was observed within the ductwork. What was found was normal and consistent with a restaurant kitchen.

General Manager Mary Pereira related that the kitchen exhaust system is cleaned every six months and it was cleaned last in August 2003. She related that the kitchen use is light and that they were not even that busy until January. Pereira could not provide any documentation due to the documents being removed by the cleaning company prior to the scene examination.

 The Range Guard Ansul wet chemical fire suppression system for the kitchen exhaust hood operated correctly at the time of the fire loss. The system was last serviced and recharged by Beltway Fire Equipment Co., Inc., 11311-B Somerset Avenue, PO Box 937, Beltsville, MD, 20705, (301) 937-4850, in Sept. 2003.

For additional information concerning the kitchen exhaust hood and fire suppression system, please refer to mechanical engineer Michael Plick's forensic report.

**Service Issues:**

According to Murphy's General Manager Mary Pereira, KMG Hauling picked up the trash in the rear alley six times a week, except for Sundays. She related that the trash is placed in the rear common alley area, which is also shared by all the tenants in the loss building and also all the tenants in the two buildings along Connecticut Avenue NW, which are owned by the same building owner Mark Spiegel. At 2604 Connecticut Avenue NW I observed Mr. Chen's Organic Chinese Cuisine and Baskin-Robbins restaurants along with office space. At 2606 Connecticut Ave NW I observed Jandara restaurant.

She estimated that there were approximately 16-18 green trash containers in the rear common area at the time of the fire loss. She related that everyone shared the trash containers with no particular can assigned to each tenant.

She related that approximately 18 months prior to the fire loss the trash procedures changed and that Mr. Spiegel documented the changes via letters sent to all tenants. She related that the trash-hauling contract came under Murphy's Irish Pub and that all the individual tenants paid her the trash fee monthly. Mr. Spiegel had asked her to handle this money collection for him.

Insured: Murphy's Irish Pub
File No.: 7210-001261

7

**FILE STATUS:**

At the present time, and with no further investigation anticipated, this file is being closed. Should future circumstances warrant, this file can easily be reopened.

If you have any questions or require further assistance, please contact me at the number listed below.

**Respectfully,**


Robert Kersey, Jr.
Certified Fire & Explosion Investigator
Springfield, PA
610-331-8427

Cf:  John Pflanz
     Northeastern Regional Manager
     610-359-8518

Cc:  Monie Marshall
     Crawford & Company

Cc:  Susan Schaeffer
     Crawford & Company

(Address all correspondence concerning this file to the following address. Please include the CIS file number.)
Crawford Investigation Services, Inc.
National Operations Center
285 W. Esplanade Ave., Suite 200
Kenner, LA 70065


RECEIVED MAY 26 2005

# RUTHERFOORD ASSURANCE SERVICES CORP.

707 E. Main Street, Suite 1800
Richmond, Virginia 23219
(804)643-5061
FAX (804) 643-5065



DEFENDANT'S
EXHIBIT
2

April 1, 2004

Scott Klein
Leisure Associates
11501 Georgia Ave
Ste 205
Wheaton, MD 20902

Re: Claim No: 449-500920
    Our Insured: Murphy's Ltd. T/A Murphy's, A Grand Irish Pub
    Date of Loss: 2/8/04

Dear Mr. Klein:

Rutherfoord Assurance Services Corporation is the contracted administrator of claims on behalf of Great American Insurance Company. I am writing to confirm our telephone conversation from earlier this morning.

As we discussed, we are still investigating this liability claim. Our initial assessment is our insured is not liable for the fire that started at 2609 24Th Street N W, Washington, D.C. on the above date. Additionally, our legal evaluation of your insured's lease with Murphy's as the tenant is subject to our insured being negligent for this fire. Finally, our evaluation of our insured's property endorsement, CP0040, Ed 4/02 is it's a legal liability coverage form and is subject to our insured being liable for this loss. This endorsement is basically the same as Fire Legal Liability coverage commonly found on general liability policies.

At this point, we are not admitting liability for this fire and recommend you provide the applicable coverage you have for your policyholder, the building owner, Spiegel Family Trust as soon as possible so that repairs can commence for this fire loss.

Thank you for your cooperation. If you have any questions or would like to further discuss, please contact me toll-free at 800-385-3007, ext 381.

Sincerely,

RUTHERFOORD ASSURANCE SERVICES CORPORATION
On behalf of GREAT AMERICAN INSURANCE COMPANY



# LEIZURE ASSOCIATES INC.

(301) 949-5984
FAX (301) 949-8920

11501 GEORGIA AVENUE  /  SUITE NO. 205
WHEATON, MARYLAND 20902

April 6, 2004
File No.: 40303

Mr. Gary DiCicco
Rutherfoord Assurance Services Corporation
787 East Main Street
Suite 1800
Richmond, Virginia 23219

RE:    Our Insured:    Spiegel Family Trust
       Claim No.:    169905
       Date of Loss:    02/08/2004
       Your Claim No.:    449-500920
       Your Insured:    Murphy's Ltd., t/a Murphy's, A Grand Irish Pub

Dear Mr. DiCicco:

    This will acknowledge receipt of your correspondence of April 1, 2004 declining to accept liability on behalf of Great American Insurance Company.

    Harford Mutual will of course honor its obligations to its insured consistent with the terms of that policy. However, please understand that we consider the language of the lease clear and unambiguous with respect to the exclusive obligation of your insured to not only obtain building coverage, but to name the Spiegel Family Trust as an insured under that policy as well. It appears that Murphy's attempted to do precisely that when it obtained the legal liability coverage included in the Great American policy. Of course, Harford Mutual's investigation as to who is responsible for causing the fire continues as well. Regardless, your insured's contractual liability will ultimately form the basis for Harford Mutual's subrogation action and we suspect that your insured's interpretation of the Great American policy will ultimately be the same as ours.

    Despite your position we will nevertheless forward complete documentation regarding the amounts paid to Harford Mutual's insured for your consideration. Should you wish to reconsider your position kindly contact us to discuss informal resolution of this matter.

Sincerely,

Scott Klein

Cc: Mr. Marc Spiegel
      Rhonda Koch/Harford Mutual Insurance Company
      File

RECEIVED
APR 12 2004