IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HARFORD MUTUAL INSURANCE COMPANY | : | |
| | : | |
| *Plaintiff,* | : | Civil Case No.: 1:05-cv-01876-JGP |
| v. | : | |
| MURPHY'S OF D.C., INC. | : | |
| *Defendant.* | : | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**LOCAL RULE 16.3(D) MEET AND CONFER STATEMENT**

Pursuant to Local Rule 16.3(d), Plaintiff and Defendant, by their undersigned counsel, hereby submit this meet and confer report in the above-captioned case. Counsel for Plaintiff and Defendant conducted a conference pursuant to Local Rule 16.3(d) on Friday, December 9, 2005. In accordance with this Court's Order for Initial Scheduling Conference, as well as the General Order and Guidelines for Civil Cases, the parties submit below their proposed scheduling order, and its own meet and confer report based on the conference.

1. **Brief Statement of Facts:** On or about November 29, 1985, Defendant entered into a contract with the Plaintiff's insured, The Spiegel Family Trust, for the lease of the premises located at 2605 and 2609 24th Street, N.W., Washington, D.C., which was renewed and in effect at all relevant times. The lease between Plaintiff's insured and Defendant required Defendant to obtain fire insurance that would protect the premises as more specifically provided in said lease. Plaintiff contends that on or about February 8, 2004, a fire caused serious damage to the property. Defendant's insurance did not provide coverage for the damages caused as a result of the fire. Therefore, Plaintiff was forced to issue payment to its insured to repair the damages. Plaintiff

1

further contends that Defendant breached its contract with Plaintiff's insured when Defendant failed to obtain insurance that would provide coverage for the damages sustained as a result of the fire.

Defendant contends that it was properly insured and alleges that the fire occurred outside of the premises and that the damage to the property in question was caused by the Fire Department breaking into the building, and therefore was not covered by the policy. In addition, Defendant contends that it was not negligent or liable for the fire, and therefore, was not obligated to pay for any part of the damage. Finally, Defendant asserts wavier, estoppel, unclean hands, failure to state a cause of action, breach of contract and laches as its additional grounds of defense.

2. **Pending Motions:** None.

3. **Amendments to Pleadings:** The parties do not anticipate joining any other parties at this time. The parties agree that Requests for Amendment of pleadings should be in accordance with Federal Rule 15.

4. **Assignment to a Magistrate Judge:** The parties do not consent to the assignment of this case to a Magistrate Judge at this time.

5. **Possibility of Settlement:** The parties believe mediation with a magistrate judge would be appropriate after completion of limited discovery.

6. **Alternative Dispute Resolution**: See No. 5, above.

7. **Dispositive Motions:** If either party decides to file a Dispositive Motion, the parties agree that the final Dispositive motions will be due no later than thirty (30) days after the close of discovery. Pursuant to LCvR 7, oppositions will be due within 11 days of the date of service or at such other time as the Court may direct. In addition, Reply Memorandums will be due within five days after service of the memorandum in opposition.

8.  **Initial Disclosures:**   The parties agree that initial disclosures under Rule 26(a)(1) shall be waived.

9.  **Discovery Schedule:**  The parties agree to adopt a Track Two (Standard) discovery schedule as follows:

|  |  |  |
|---|---|---|
| a. | Exchange Witness Lists | 30 days |
| b. | Deadline for Post Rule 26(a) Discovery Requests | 45 days |
| c. | Proponent's Rule 26(a)(2) Statements | 60 days |
| d. | Opponent's Rule 26(a)(2) Statements | 90 days |
| e. | All discovery closed | 120 days |

The parties agree that all time-frames in the above discovery schedule should be calculated from the date of the Court's Scheduling Order.  The parties anticipate taking no more than six (6) depositions and agree that they should be in accordance with LCvR 26.2.  The parties agree that the number of Interrogatories should be in accordance with FED. R. CIV. P. 33.  At this time, the parties do not foresee the necessity of a protective order.

10. **FED. R. CIV. P. 26(b)(4) and Expert Depositions:**  The parties agree that depositions and discovery of experts should be completed by the close of discovery.

11. **Bifurcated Trial/Discovery:**  The parties agree that neither discovery in this case nor the trial should be bifurcated.

12. **Pretrial Conference Date:**   The parties request that a pretrial conference be held within twenty (20) days after the Court rules upon dispositive motions or, if no dispositive motion is filed, then within thirty (30) days after the close of discovery.

13. **Trial Date:**   The parties agree that the trial date should be set at the pretrial conference.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| GEORGE E. REEDE, JR. #430462 | WILLIAM SCOTT GRECO |
| NILES, BARTON & WILMER, LLP | GRECO & GRECO, PC |
| 111 S. Calvert Street, Suite 1400 | 1300 Old Chain Bridge Road |
| Baltimore, Maryland 21202 | McLean, Virginia 22101 |
| (410) 783-6432 | (703) 821-2777 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of December, 2005, a copy of the foregoing Joint Local Rule 16.3 Conference was sent via this Court's electronic filing system to:

William Scott Greco, Esquire
Greco & Greco PC
1300 Old Chain Bridge Road
McLean, Virginia 22101

/s/
George E. Reede, Jr.